IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| COUNCIL FOR MEDICARE CHOICE, et al.<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, et al.,<br><br>　　Defendants. | Civil Action No. 4:24-CV-446-O |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY

Plaintiffs have moved for leave to file notice of a recent case from the Fifth Circuit, *Airlines for America v. Department of Transportation*, 127 F.4th 563 (5th Cir. 2025). (*See* Doc. 61.) Plaintiffs argue that the case means that the agency cannot rely on "materials outside the rulemaking record" without "'affording an opportunity for comment.'" (*See* Doc. 61 at 2 (quoting *Airlines for Am.*, 127 F.4th at 580).) The government does not oppose leave but, consistent with Plaintiffs' statement that they do not oppose Defendants' filing of a response to the proposed supplemental material (*see* Doc. 61 at 1), Defendants now submit this response to explain why *Airlines for America* is not relevant on the facts of this case.

In *Airlines for America*, the agency stated in its notice of proposed rulemaking that it was "not possible to quantify whether the proposed rule would yield benefits that exceed costs," because of a lack of data. 127 F.4th at 569 (internal quotation marks and citation omitted). After the comment period closed, a new study came out that allowed the agency to "reevaluate[] the benefits of the Rule for consumers," leading the agency to estimate a particular range of values by which benefits exceeded costs in the agency's final rule. *Id.* at 570. The Fifth Circuit held

Defendants' Response to Plaintiffs' Supplemental Authority – Page 1

that the agency could not rely on "completely new and different data that supplants or replaces its original data" without first allowing for comment. *Id.* at 579 (cleaned up). In doing so, the court explained that the situation "resembles the SEC's reliance on materials outside the rulemaking record in *Chamber of Commerce of U.S. v. SEC*, 443 F.3d 890 (D.C. Cir. 2006)." *Id.* at 580. In that case, the D.C. Circuit considered a situation where it had previously held that the SEC had failed to determine certain factual matters required by the text of the relevant statute and remanded the case back to the SEC for further consideration. *Id.* at 580 & n.14 (citing *Chamber of Commerce*, 443 F.3d at 894). The D.C. Circuit held that the SEC on remand violated the APA when, "'without affording an opportunity for comment,'" it used "extra-record material" that went beyond "'supplement[ing] the rulemaking record'" to instead "'suppl[y] the basic assumptions'" for the SEC's action. *Airlines for Am.*, 127 F.4th at 580–81 (quoting *Chamber of Commerce*, 443 F.3d at 901–02, 908). The problem in both cases was that the relevant proposed rules "'did not place interested parties on notice that, in the absence of receiving reliable cost data'" from commenters, the agency would rely on "'extra-record'" data. *Id.* at 580 (quoting *Chamber of Commerce*, 443 F.3d at 904).

  *Airlines for America* sheds no light on this case. Unlike in *Airlines for America*, the agency here did not "supplant or replace" data outside the comment process or rely on "materials outside the rulemaking record" that parties were not aware of. Instead, the agency disclosed in its Proposed Rule that it had arrived at its proposed $31 increase to the per-enrollment compensation rate based on numerous sources, including "information gleaned from oversight activities." *See* 88 Fed. Reg. 78,476, 78,555 (2023). And such information was part of the rulemaking record. (*See* Doc. 55 at 36–40 (collecting record support for CMS's conclusions)); *see also City of Dallas, Tex. v. Hall*, No. 3:07-CV-60-P, 2007 WL 3257188, at *4 (N.D. Tex.

Oct. 29, 2007) ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency and includes evidence contrary to the agency's position."); *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 33 (N.D. Tex. 1981) (similar). And the agency solicited comments on, among other topics, "the administrative costs that should be considered, and how else we might determine their value." 88 Fed. Reg. at 78,556. And it then adjusted the $31 increase for administrative costs to $100 in the Final Rule based on information in that record and its analysis of the comments received in response—which comments were also part of the rulemaking record. (*See* 89 Fed. Reg. at 30625–26); *see also Huawei Techs. USA, Inc. v. FEC*, 2 F.4th 421, 456 (5th Cir. 2021) (APA requires court not to second-guess "agency's reasoned explanation, supported by comments in the record"). There is therefore no "study outside the administrative record" on which the agency relied without "plac[ing] interested parties on notice," and the concerns identified in *Airlines for America* do not apply here. *See* 127 F.4th at 580–81.

It is the APA that sets the outer bound of the procedural requirements to which courts hold agencies. To the extent Plaintiffs read *Airlines for America* to require agencies to publish particular facts or data not mentioned in the text of the APA, that goes beyond the facts the Fifth Circuit considered in that case, and would also exceed the plain text of the APA for the reasons noted by then-Judge Kavanaugh in *Radio Relay League, Inc. v. FCC*, 524 F.3d 227, 245–46 (D.C. Cir. 2008) (Kavanaugh, J., concurring). Such a legal rule would hobble the agency's ability to rely on comments—which are not themselves subject to comment but might contain salient factual information the agency should consider—to inform its rulemaking.

        Respectfully submitted,

        CHAD E. MEACHAM
        ACTING UNITED STATES ATTORNEY

        <u>/s/ Brian W. Stoltz</u>
        Brian W. Stoltz
        Assistant United States Attorney
        Texas Bar No. 24060668
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone:   214-659-8626
        Facsimile:    214-659-8807
        brian.stoltz@usdoj.gov

        Attorneys for Defendants

<u>Certificate of Service</u>

On March 4, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        <u>/s/ Brian W. Stoltz</u>
        Brian W. Stoltz
        Assistant United States Attorney